

**E-FILED**

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

WORCESTER SUPERIOR COURT
C.A. No. 2585CV01759 A

| | |
|---|---|
| JC and CE, individually and on behalf of their minor son, OC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF SUTTON, SUTTON SCHOOL COMMITTEE, SUTTON PUBLIC SCHOOLS, KIMBERLY ROBERTS-MORANDI, NANCY RUIZ, MICHELLE CLARK, EMILEE ZUIDEMA, and CHERYL SHERMAN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### COMPLAINT AND JURY DEMAND

OC, by and through his parents JC and CE, and JC and CE individually (collectively, "Plaintiffs") bring this action for (i) negligence under the Massachusetts Tort Claims Act, (ii) negligent infliction of emotional distress, (iii) violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws c. 12, §11H-11I (the "MCRA"), and (iv) violation of 42 U.S.C. § 1983, and (v) loss of consortium against Defendants Town of Sutton (the "Town"), Sutton Public Schools ("SPS"), Sutton School Committee ("School Committee"), Kimberly Roberts-Morandi, Nancy Ruiz, Michelle Clark, Emilee Zuidema, and Cheryl Sherman.

### PARTIES

1. JC is an individual who resides in Sutton, Massachusetts and is the father of OC.

2. CE is an individual who resides in Sutton, Massachusetts and is the mother of OC.

3. OC is a minor child who resides in Sutton, Massachusetts.

4. The Town is a municipal corporation organized under the laws of the Commonwealth of Massachusetts with its principal office located at 4 Uxbridge Road, Sutton, MA 01590. The Town oversees the operation of SPS.

5. The School Committee is the municipal entity responsible for the governance, policy-making, supervision, and operation of SPS. Its office is located at 375 Boston Road, Sutton, MA 01590.

6. SPS operates public schools through the Sutton School District and has its main office at 16 Putnam Hill Road, Sutton, MA 01590.

7. Defendant Kimberly Roberts-Morandi was the superintendent of Sutton Public Schools during all or a portion of the period of time pertinent to this Complaint. Dr. Roberts-Morandi is sued in both her individual and official capacities.

8. Defendant Cheryl Sherman was employed by SPS as a school counselor and interim school principal during all or a portion of the period of time pertinent to this Complaint. Ms. Sherman is sued in both her individual and official capacities.

9. Defendant Nancy Ruiz was employed by SPS as a Board-Certified Behavior Analyst ("BCBA") during all or a portion of the period of time pertinent to this Complaint. Ms. Ruiz is sued in both her individual and official capacities.

10. Defendant Michelle Clark was employed by SPS as a special education teacher during all or a portion of the period of time pertinent to this Complaint. Ms. Clark is sued in both her individual and official capacities.

11.     Defendant Emilee Zuidema was employed by SPS as an instructional assistant during all of a portion of the period of time pertinent to this Complaint. Ms. Zuidema is sued in both her individual and official capacities.

## FACTS

12.     OC, today aged ten, is diagnosed with autism spectrum disorder, attention deficit hyperactivity disorder, and post-traumatic stress disorder ("PTSD").

13.     As of February 2023, OC was a first-grader at Simonian Center for Early Learning ("Simonian"), a SPS school.

14.     Simonian serves students from pre-kindergarten only through grade two.

15.     At all times relevant to this action, OC had an individualized education program ("IEP"), which placed him in a general education classroom with a 1:1 aide. He required 1:1 adult instruction and support to complete academic assignments and to regulate his behavior. Ms. Zuidema served as OC's 1:1 instructional aide.

16.     His IEP provided for a visual behavior chart and token system that was designed to help him access the classroom. The behavior chart contained no information about seclusion or separation from the classroom.

17.     His Behavior Management Guidelines, provided by Simonian staff to his parents, identified "target behaviors" or behaviors to decrease. It described consequences for OC if he engaged in any of the target behaviors. The consequences included pausing a work timer, "neutrally" reminding him of "keeping safe body with one verbal worming [sic] and pointing to the corresponding picture on his token board," limiting verbal interaction, redirecting "to the expected activity while giving clear and concise instructions," using "first then language," and

reviewing "expected behaviors while showing him visuals." None of the consequences included seclusion in a separate room or restraint.

18.     Towards the end of the 2021-2022 school year and then sharply in the 2022-2023 school year, OC's emotional functioning declined. He demonstrated escalating anxiety and morning panic attacks, which eventually included vomiting. He began refusing to get on the bus in the morning or exit the car when he was driven to school. CE and JC ("Parents") communicated frequently with school staff about OC's changed behaviors and their concerns about it.

19.     OC reported to his mother that Ms. Ruiz told him that his mother would be sent to jail if he missed school. As a result, OC became fixated and worried that his mother might be jailed because of him.

20.     In May 2022, OC began repeating phrases and sentences about being locked alone in an empty room.

21.     Parents asked Simonian staff on three separate occasions whether there was an active shooter drill or if OC was ever left alone and whether an empty, windowless room existed within the school building. Staff denied both.

22.     Over summer 2022, OC's symptoms decreased; when summer extended school year programming began, his panic attacks resumed.

23.     During fall 2022, OC's emotional functioning worsened. He began having toileting accidents for the first time in years. He developed new concerning play habits, including playing "school," in which he acted as the teacher and instructed Parents to play "bad students." He would forcefully escort his parents out of the pretend classroom, role playing using a walkie talkie to ask for "assistance."

24. He increasingly struggled to transition to preferred classes and activities. He started having nightmares and stopped eating.

25. In January 2023, medical providers—otherwise unable to explain his deteriorated presentation—considered a Pediatric Acute-Onset Neuropsychiatric Syndrome ("PANS") or Pediatric Autoimmune Neuropsychiatric Disorders Associated with Streptococcal Infections ("PANDAS") diagnosis.

26. Parents observed bruising on OC's body. See photographs attached as **Exhibit 1**.

27. School behavior data did not reflect the use of any seclusion or restraint, and Nancy Ruiz, the school's Board-Certified Behavior Analyst ("BCBA") did not disclose the use of seclusion or restraint to the family's insurance-funded BCBA in a meeting convened to discuss OC's changed behaviors.

28. On February 8, 2023, for the first time, OC disclosed to his mother that teachers were hurting him and that he was being locked in an empty room, alone, for long periods. He described the room in detail.

29. He told his mother that on occasion he was left in the room with a pencil and school assignments and told he would only be allowed to leave once his work was complete.

30. Oliver requires 1:1 instruction and assistance to complete school work, as reflected by the fact that he had a 1:1 aide assigned to work with him.

31. When asked, the Simonian school psychologist initially denied any such room existed and then, when CE repeated OC's description of the room, admitted that there was such an area which the school called a "Safe Protected Area" or "SPA room," but claimed no knowledge that OC was being placed there.

32. On February 10, 2023, OC's family and providers were shown the "SPA room"—a small, windowless, empty room—and a "calm down corner" that was barricaded with chairs to prevent exit. See photos of "SPA room" attached as **Exhibit 2**.

33. Simonian staff then revealed to CE that OC had been isolated in the "SPA room" on at least twelve (12) occasions between January 3, 2023 and February 3, 2023, i.e., on the majority of the merely twenty days he attended during that period. Staff minimized each episode as lasting between four and five minutes, but logs subsequently produced show the isolation approaching an hour on some occasions. See SPA log attached as **Exhibit 3**.

34. The SPA log reflects that Ms. Ruiz and Ms. Zuidema were involved in placing him in the "SPA room" on almost every occasion.

35. Simonian staff attributed OC's bruising to him striking a domed, motion-sensor light switch inside the "SPA room," but his injuries were much more significant and inconsistent with self-injury against such a relatively flat object. See photograph of light switch attached as **Exhibit 4.**

36. Oliver was not seen by the school nurse for his injuries, and the bruises were not documented in school medical records.

37. On more than one occasion, Ms. Clark secluded him in a small, contained area in his classroom entirely sectioned off with chairs, compounding OC's trauma.

38. SPS's reporting of twelve seclusions in the "SPA room" is almost certainly an underreporting, given OC's marked deterioration over the course of the school year and symptom improvements during school breaks.

39. Defendants never notified Parents of any restraints or seclusion, despite nearly daily communications about OC's functioning and despite state regulations requiring appropriate oversight, reporting, and conditions for "time-out" spaces.

40. SPS later admitted that the Simonian school principal was never notified of the time in the "SPA room" and did not approve extended removals, as required by regulation. See SPS communication to Parents dated February 28, 2023 attached as **Exhibit 5**.

41. After Parents learned of OC's injuries at the hands of his teachers, as well as the repeated use of seclusion, they withdrew OC from SPS. For over a year, he could not attend a typical school and required home tutoring and private therapies. Mentions of returning to a traditional school were destabilizing for him, and he was unable to tolerate closed doors.

42. In September 2023, psychologist Linda Daniel, Psy.D., documented clinically significant trauma symptoms and diagnosed OC with PTSD. She recommended 1:1 instruction with gradual exposure to school settings.

43. OC returned to school in May 2024, more than a year after his parents initially removed him from SPS, but he now requires a far more restrictive Chapter 766 approved private special education day placement.

44. On or about August 1, 2024, Plaintiffs sent notice to Defendants of these claims pursuant to M.G.L. c. 258, § 4 by overnight mail.

45. On information and belief, the Town and SPS received the presentment letter on August 2, 2024.

46. To date, Defendants have failed to offer adequate relief.

47. As a direct and proximate result of Defendants' actions, OC suffered physical injuries, including bruising, and severe emotional trauma, including intrusive memories,

avoidance, hyperarousal, nightmares, regression in toileting and social skills, anxiety, gastro-intestinal symptoms, and school-related phobias.

48. He continues to experience ongoing intrusive memories and flashbacks, and to this day will disclose, unprompted, his traumatic experience of being left alone in a room at school.

## COUNT I

### (Negligence – Town, SPS, and School Committee)

49. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

50. Simonian school staff breached duties of reasonable care by isolating and secluding OC in an empty, windowless room and a barricaded area, failing to properly notify Parents, failing to supervise, train and monitor staff on proper restraint and time-out practices for students with disabilities, failing to investigate and document improper uses of seclusion and documented, unexplained injuries, misrepresenting and withholding the existence and use of the "SPA room," and ignoring OC's escalating symptoms and Parent's repeated inquires.

51. These breaches are evidenced by violations of 603 CMR 46.02, which prohibits seclusion and requires "time-out" spaces to be clean, safe, sanitary, and appropriate for calming, and 603 CMR 46.04(1)(j), which includes a process for principal approval for time-outs exceeding thirty minutes.

52. The Town and SPS are responsible for the negligent or wrongful acts of their employees pursuant to Mass. Gen. Laws c. 258 § 2 and the doctrine of *respondeat superior*.

53. Defendants breached their duty of care owed to OC.

54. As a direct and proximate result of Defendants' breaches of the duty of care to OC, OC suffered injuries both physical and emotional.

55. As a result of Defendants' negligence, OC has suffered damages in an amount to be determined at trial, plus interest thereon, plus costs associated with this action.

## COUNT II

### (Negligent Infliction of Emotional Distress – All Defendants)

56. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

57. Defendants' negligence foreseeably caused OC severe emotional distress with physical manifestations, including vomiting, GI symptoms, sleep disturbance, panic attacks, and regression, resulting in damages.

58. As a result of Defendants' negligent infliction of emotional distress, Plaintiffs have suffered damages in an amount to be determined at trial, plus interest thereon, plus costs associated with this action.

## COUNT III

### (MCRA – Dr. Roberts-Morandi, Ms. Ruiz, Ms. Zuidema, Ms. Clark and Ms. Sherman)

59. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

60. The individual Defendants, acting under color of law, interfered by threats, intimidation, or coercion with rights secured by the Constitution and the laws of the Commonwealth, including OC's rights to bodily integrity and freedom from unlawful restraint/seclusion.

61. Dr. Roberts-Morandi, Ms. Ruiz, Ms. Clark, Ms. Zuidema, and Ms. Sherman's conduct caused the injuries herein.

62. As a result of Dr. Roberts-Morandi, Ms. Ruiz, Ms. Clark, Ms. Zuidema, and Ms. Sherman's violations of the MCRA, OC has suffered damages in an amount to be determined at trial plus interest thereon, costs associated with this action, and reasonable attorneys' fees.

## COUNT IV

### (Violation of 42 U.S.C. § 1983 – Ms. Ruiz, Ms. Clark, and Ms. Zuidema)

63. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

64. At all relevant times, Defendants Ms. Ruiz, Ms. Clark, and Ms. Zuidema were acting under color of state law as employees of SPS and therefore acted under color of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts and the District.

65. Defendants Ms. Ruiz, Ms. Zuidema, and Ms. Clark repeatedly removed OC, a first-grade child, from his classroom and placed him in a small, enclosed, locked, and/or improperly monitored space, and confined him there for an extended period of time.

66. On one or more occasions, Ms. Ruiz, Ms. Clark, and/or Ms. Zuidema also physically restrained OC, in circumstances where OC posed no imminent risk of serious physical harm to himself or others and in ways that departed from accepted professional standards.

67. The extended, repeated seclusions and restraint imposed on OC constituted an unreasonable seizure within the meaning of the Fourth Amendment, because the methods used, the duration of the confinement, the absence of any imminent safety threat, OC's age, size, and

vulnerability, and the lack of a legitimate pedagogical justification rendered defendants' conduct objectively unreasonable under the circumstances.

68. The confinement constituted an unreasonable, excessive, and punitive use of seclusion, without adequate justification and in a manner inconsistent with accepted professional standards and Massachusetts regulatory requirements governing student restraint and seclusion.

69. Defendants' conduct further violated OC's substantive due process rights under the Fourteenth Amendment. Repeatedly confining and restraining a first-grade child without a legitimate educational or safety purpose, in a manner foreseeably causing physical and psychological harm, is arbitrary, egregious, and conscience-shocking.

70. Ms. Ruiz, Ms. Zuidema, and Ms. Clark's actions were taken intentionally, knowing, or with deliberate indifference to OC's rights and well-being and were not applied in a good-faith effort to maintain order, but constituted punitive and unjustified treatment of a vulnerable young child.

71. As a direct and proximate result of Ms. Ruiz, Ms. Zuidema, and Ms. Clark's actions, OC suffered physical injury, severe emotional distress, humiliation, psychological trauma, and other damages.

72. OC seeks all damages available against Defendants in an amount to be determined at trial of this matter, plus interest thereon, plus costs associated with this action.

## COUNT V

**Violation of 42 U.S.C. § 1983 – Dr. Roberts-Morandi, Ms. Ruiz, and Ms. Sherman**

73. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

74. At all relevant times, Defendant Dr. Roberts-Morandi, Ms. Ruiz, and Ms. Sherman ("Supervisory Defendants") were acting under color of state law and exercised supervisory authority over all additional personnel who secluded and/or restrained OC.

75. The Supervisory Defendants knew, or reasonably should have known, that school staff members were repeatedly removing young children, including OC, from classrooms and placing them in secluded rooms for extended periods of time, and that seclusions/physical restraints were being used in situations that did not involve imminent safety threats.

76. The Supervisory Defendants failed to properly train, supervise, monitor, or discipline staff regarding the lawful use of physical restraint, prohibitions on seclusion, alternative de-escalation techniques, reporting and documentation requirements, and the safety and well-being of students with significant disabilities.

77. The Supervisory Defendants had actual or constructive knowledge of prior incidents, complaints or patterns of improper seclusion or restraint within the school and yet failed to take reasonable steps to prevent ongoing violations.

78. By failing to intervene, failing to correct known unconstitutional practices, and maintaining deficient supervision and training, the Supervisory Defendants caused, enabled, or was otherwise affirmatively linked to the constitutional violations inflicted upon OC.

79. The Supervisory Defendants' conduct constituted deliberate indifference to OC's constitutional rights, because they were aware of a grave risk of harm and failed to take readily available and obvious remedial measures.

80. As a direct and proximate result of the Supervisory Defendants' deliberate indifference and failure to act, OC suffered physical injury, emotional trauma, and other damages.

81. OC seeks all damages available against Defendants in an amount to be determined at trial of this matter, plus interest thereon, plus costs associated with this action.

## COUNT VI

### Violation of 42 U.S.C. § 1983 – Town of Sutton, Sutton Public Schools, and the Sutton School Committee

82. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

83. Defendant Town of Sutton, Sutton Public Schools, and Sutton School Committee are municipal entities subject to suit under 42 U.S.C. § 1983.

84. At all relevant times, the Town, SPS, and Sutton School Committee, through its officials, supervisors, and policymakers, maintained and/or permitted policies, practices, or customs that resulted in the unlawful seclusion and restraint of students, including OC.

85. The Town, SPS, and Sutton School Committee maintained an unwritten custom of permitting or tolerating the seclusion of young students, despite state restrictions and professional standards, failed to implement or enforce adequate policies prohibiting unlawful restraint and seclusion, failed to properly train and supervise its employees regarding unlawful restraint and seclusion, failed to train staff on lawful de-escalation techniques and the limited circumstances under which restraints and/or "time outs" are permissible, failed to properly document, report, and review incidents of restraint or seclusion, tolerating a pattern of excessive or improperly used restraint and seclusion with in the school, and failing to supervise or discipline employees known to engage in such conduct.

86. The Town, SPS, and the Sutton School Committee acted with deliberate indifference to the rights of students, including OC. by failing to adequately train, supervise, and monitor staff in situations involving behavioral support, crisis response, and student safety.

87. These policies, customs, or systemic failures were the moving force behind the unconstitutional seclusion and restraint of OC, in violation of the Fourth and Fourteenth Amendments and OC's right to an education under the Massachusetts constitution.

88. As a direct and foreseeable result of the Town, SPS, and the Sutton School Committee's unconstitutional policies, customs, and deliberate indifference, OC suffered physical injury, severe emotional distress, humiliation, psychological trauma, and other damages.

89. OC seeks all damages available against Defendants in an amount to be determined at trial of this matter, plus interest thereon, plus costs associated with this action.

## COUNT VII

### (Loss of Consortium – All Defendants)

90. Plaintiffs reallege and incorporate by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

91. At all times material to this civil action, CE and JC have been and continue to be the parents and legal guardians of OC.

92. As a direct and proximate result of Defendants' negligence, CE and JC have been deprived of the society, love, affection, companionship, care and services of OC, and they are entitled to recovery for said loss pursuant to Mass. Gen. Laws c. 231, § 85X.

93. CE and JC seek all damages available against Defendants in an amount to be determined at trial of this matter, plus interest thereon, plus costs associated with this action.

WHEREFORE, Plaintiffs pray for the following relief against Defendants:

1. That the Court enter judgment on Count I against the Town, SPS, and the School Committee and in favor of Plaintiffs, in an amount to be determined at trial, plus interest thereon, plus costs associated with this action.

2.    That the Court enter judgment on Count II against all Defendants and in favor of Plaintiffs, in an amount to be determined at trial, plus interest thereon, plus costs associated with this action.

3.    That the Court enter judgment on Count III against Dr. Roberts-Morandi, Ms. Ruiz, Ms. Clark, Ms. Zuidema, and Ms. Sherman and in favor of Plaintiffs, in an amount to be determined at trial, plus interest, costs, and attorneys fees associated with this action.

4.    That the Court enter judgment on Count IV against Ms. Ruiz, Ms. Zuidema, and Ms. Clark and in favor of Plaintiffs, in an amount to be determined at trial, plus interest thereon, plus costs associated with this action.

5.    That the Court enter judgment on Count V against Dr. Roberts-Morandi, Ms. Ruiz, and Ms. Sherman and in favor of Plaintiffs, in an amount to be determined at trial, plus interest thereon, plus costs associated with this action.

6.    That the Court enter judgment on Count VI against the Town, SPS, and the School Committee and in favor of Plaintiffs, in an amount to be determined at trial, plus interest thereon, plus costs associated with this action.

7.    That the Court enter judgment on Count VII against all Defendants and in favor of Plaintiffs, in an amount to be determined at trial, plus interest thereon, plus costs associated with this action.

8.    That the Court grant such and further relief as may be just and equitable under the circumstances.

### JURY DEMAND

Pursuant to Mass. R. Civ. P. 38 and 39, Plaintiffs demand a trial by jury for all issues so triable.

December 22, 2025

CE and JC, individually and on behalf
of their minor child, OC,

By their attorneys,


/s/ Daniel T.S. Heffernan
Daniel T.S. Heffernan (BBO#550794)
Eliza L.M. Presson (BBO # 686343)
KOTIN, CRABTREE & STRONG LLP
Three Newton Executive Park
2223 Washington Street, Suite 101
Newton, MA 02462
P: (617) 227-7031
F: (617) 367-2988
dheffernan@kcslegal.com
epresson@kcslegal.com

A true copy by photostatic process
Attest:
Asst Clerk

# EXHIBIT 1





# EXHIBIT 2





# EXHIBIT 3

Date Filed 12/22/2025 10:57 AM
Superior Court - Worcester
Docket Number

# Massachusetts Department of Elementary and Secondary Education
## Time-Out Room Log

School District/School Name: _____Simonian Center for Early Learning_____

Program Name, if applicable:

_____

| Date | Student's First and Last Name | Reason(s) for Use of Time-Out Room (e.g., behavior prior to use) | Name of Person Initiating Use of Time-Out Room | Alternative Behavioral Management Strategies Attempted Prior to Use of Time-Out Room | Time when Time-Out Room Use Started | Time when Time-Out Room Use Ended | Name(s) of Staff Calming and Observing the Student During Time-Out Room Use | List of Strategies Used to Calm the Student During Time-Out Room Use | Observation of the Student Response to Use of Time-Out Room | Name of Principal Authorizing TimeOut over 30 minutes | Reason(s) for the Extension of Time-Out | Date and Time of Notice (s) to Parent(s) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/3/2023 | Charest, Oliver | Aggression, bolting, Environmental destruction and non-compliance | Nancy Ruiz | See Alternative Behavioral Management sheet | 1:50 | 2:08 | Nancy Ruiz Emilee Zuidema | See list of interventions attempted | Nancy Ruiz Emilee Zuidema | | | |
| 1/9/2023 | Charest, Oliver | Nothing Recorded – See List of Reasons for use of T.O. room | Nancy Ruiz | See Alternative Behavioral Management sheet | 11:00 | 11:25 | Nancy Ruiz And another staff person that was not recorded. Proba | See list of interventions attempted | Nancy Ruiz And other staff person | | | |

Date Filed 12/22/2025 10:57 AM
Superior Court - Worcester
Docket Number

| Date | | Description | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | bly Isabelle Hehir | | | | | |
| 1/17/2 023 | Charest, Oliver | Oliver became noisy and unsafe when taking a break in the bean bag chair- began kicking table- tore down mailboxes, clipboards, knocked over baskets, trash can, tried bolting- he was removed from the class-spit in another's Face-walked to the transition room - sat in the bean bag chair and began to grab at drawers and items. Behaviors escalated - See List of Reasons for use of T.O. room | Nancy Ruiz | See Alternative Behavioral Management sheet | 10:45 | 11:25 | Nancy Ruiz Isabelle Hehir | See list of intervent ions attempte d | Nancy Ruiz Isabelle Hehir | | | |
| 1/17/2 023 | Charest, Oliver | Oliver needed additional time after leaving Time Out due to ongoing unsafe behavior that was not recorded. | Nancy Ruiz | See Alternative Behavioral Management sheet | 11:28 | 11:55 | Nancy Ruiz Isabelle Hehir | See list of intervent ions attempte d | Nancy Ruiz Isabelle Hehir | | | |
| 1/19/2 023 | Charest, Oliver | No door closed - Counseling Oliver walked into the space independently from Speech & Language, Mrs. Sherman was called in to counsel and then walked him back to Speech | Oliver walked in Independ ently from speech | See Alternative Behavioral Management sheet | 11:14 | 11:24 | Cheryl Sherman and Emilee Zuide ma | See list of intervent ions attempte d | Cheryl Sherma n and Emilee Zuidem a | | | |
| 1/20/2 023 | Charest, Oliver | Unsafe in speech Nothing Recorded – See List of Reasons for use of T.O. room | Emilee Zuidema | See Alternative Behavioral Management sheet | 11:30 | 12:00 | Nancy Ruiz Emilee Zuide ma | See list of intervent ions attempte d | Nancy Ruiz Emilee Zuidem a | | | |

Date Filed 12/22/2025 10:57 AM
Superior Court - Worcester
Docket Number

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/24/2 023 | Chare st, Oliver | Aggression, bolting, Environmental Destruction, Noncompliance | Nancy Ruiz | See Alternati ve Behavior al Manage ment sheet | 1:30 | 2:23 | Nancy Ruiz Emilee Zuide ma | See list of intervent ions attempte d | Nancy Ruiz Emilee Zuidem a | | | | |
| 1/25/2 023 | Chare st, Oliver | Aggression, Bolting, Environmental Destruction, Noncompliance | Nancy Ruiz | See Alternati ve Behavior al Manage ment sheet | 1:30 | 1:45 | Nancy Ruiz Emilee Zuide ma | See list of intervent ions attempte d | Nancy Ruiz Emilee Zuidem a | | | | |
| 1/26/2 023 | Chare st, Oliver | Aggression, Bolting, Environmental Destruction, Noncompliance | Nancy Ruiz | See Alternati ve Behavior al Manage ment sheet | 2:15 | 2:25 | Nancy Ruiz Emilee Zuide ma | See list of intervent ions attempte d | Nancy Ruiz Emilee Zuidem a | | | | |
| 1/31/2 023 | Chare st, Oliver | Aggression, Environmental Destruction, Noncompliance | Nancy Ruiz | See Alternati ve Behavior al Manage ment sheet | 2:20 | 2:45 | Nancy Ruiz Emilee Zuide ma | See list of intervent ions attempte d | Nancy Ruiz Emilee Zuidem a | | | | |
| 2/1/20 23 | Chare st, Oliver | Aggression, Environmental Destruction, Noncompliance | Nancy Ruiz | See Alternati ve Behavior al Manage | 11:1 5 | 11:35 * (per IA notes 20 minut es not | Nancy Ruiz Emilee Zuide ma | See list of intervent ions attempte d | Nancy Ruiz Emilee Zuidem a | | | | |

Date Filed 12/22/2025 10:57 AM
Superior Court - Worcester
Docket Number

| | | | | ment sheet | | indica ted on log) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/3/20 23 | Chare st, Oliver | Environmental Destruction, bolting, Noncompliance | Nancy Ruiz | See Alternati ve Behavior al Manage ment sheet | 10:4 0 | 11:05 | Nancy Ruiz Emilee Zuidem a | See list of intervent ions attempte d | Nancy Ruiz Emilee Zuidema | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

# EXHIBIT 4

# EXHIBIT 5

Date Filed 12/22/2025 10:57 AM
Superior Court - Worcester
Docket Number



**Sutton Public Schools**
16 Putnam Hill Road
Sutton, Massachusetts 01590

DR. KIMBERLY
ROBERTS-MORANDI
SUPERINTENDENT OF SCHOOLS

Telephone
(508) 581-1600
Fax (508) 865-6463

February 28, 2023

Ms. Candice Edwards
152 Whitins Road
Sutton, MA 01590

Re: Notice of Outcome of Investigation

Dear Ms. Edwards,

This letter is to formally notify you of the outcome of an investigation that the Sutton Public Schools ("District") has recently completed in response to the concerns you raised about your son, Oliver, who has been attending school within the District at the Simonian Center for Early Learning. The District investigated your allegations that Oliver was subjected to abuse or neglect and/or subjected to an "improper handling" while being moved to the time out room on Friday, February 3, 2023. Specifically, you reported that the Board Certified Behavior Analyst ("BCBA") had subjected Oliver to a restraint or a condition that led to physical neglect and/or harm. You alleged that this abuse and/or neglect led to Oliver receiving an injury, specifically bruising on his arm that was noted by you on the evening of Tuesday, February 7, 2023. Based on these allegations, the District opened an investigation of this matter as potential disability-based discrimination under Section 504 of the Rehabilitation Act of 1972 and Title II of the Americans with Disabilities Act and Massachusetts laws which prohibit disability-based discrimination (collectively referred to as "Section 504"). Additionally, because the report included an allegation of violations related to restraint of the child, the District investigated the allegations pursuant to the physical restraint regulations, 603 CMR § 46.00, and M.G.L. c. 69, § 1B, and c. 71, § 37G. The District also reported the allegation to the Department of Children and Families ("DCF") on February 9, 2023.

During the course of the investigation, the District reviewed all available information offered by you during individual and group discussions; a photo you supplied via text containing a photograph that depicted images which you described as "fresh bruises seen while giving Oliver a bath"; and the statements you reported on Oliver's behalf that he made while at home or in the car. In addition to your statements, the District also interviewed numerous staff members, reviewed documents, and video with respect to the early February timeframe you provided. The District considered all of the evidence based on a preponderance of the evidence standard.

16 Putnam Hill Road
Sutton, Massachusetts 01590

In terms of the allegations that Oliver was physically injured by staff and specifically by the BCBA or assistants who were with Oliver in the classroom or other space, the evidence was insufficient to establish this allegation. There were no witnesses to the alleged incident who could corroborate the allegations. To the contrary, staff interviewed stated that they did not witness any interactions between the BCBA and Oliver that could have resulted in the injuries that were reported. In fact, all staff reported that they have never witnessed Oliver's teachers or support staff engaged in behavior that would result in injury like those described by you and shown in the photo. Whether Oliver injured his arm striking a light switch with his forearm could not be determined as there was no recollection of red marks on his arm on the date (February 3, 2023) that he was taken to the time out room. You stated that Oliver reported his "armpit" being hurt, however, the photo of the bruise as well as your discussion during a meeting confirmed the bruise was on his forearm.

You also alleged that Oliver was improperly escorted to the time-out space. The evidence gathered in the course of the investigation, confirmed that Oliver was brought to the time out space using a "Supportive Guide Procedure" which is not a restraint and that there were two staff members present. The BCBA, who is trained in conducting physical escorts and an assistant who is trained in de-escalation was present in front of, or on the side of the student, in order to protect others from being kicked, hit with objects, or spat upon during the transition. It was this behavior exhibited during the classroom time that led to Oliver being escorted to time out. Due to risk of injury to staff while in the time out room, the adults remained either in or out of the room with the door propped and at least one foot keeping the door open. A review of available video did not depict that time-out room, but the review of the video of the hallway did not corroborate any allegations of improper physical contact between the staff and the student. You reported that Oliver stated that he was placed in a room, with a locked door, and the BCBA would not let him out. The evidence from the investigation demonstrated that the door only locks from the inside and that the door was never fully closed.

You also alleged that Oliver was in the time-out room in excess of 30 minutes without the approval of the principal or designee. The evidence was sufficient to support this allegation. Based on this finding, the District immediately re-trained appropriate staff in protocols for extended time out and has arranged for an additional training on the record keeping and notification of administration for approval of an extended time out and family notification of use of the time out room.

In sum, based upon a review of the evidence developed from the investigation, the investigation has established that the physical contact of the student that day did not constitute improper physical restraint as defined by relevant law. The evidence additionally established that the staff actions were consistent with her professional responsibilities, and there was no evidence to support that your son's injuries were caused by abuse or neglect of District staff or that such conduct constituted different treatment or discrimination under Section 504. The evidence did establish that your son was subjected to a time-out in excess of 30 minutes without the approval of the school principal or designee.

As a result of this investigation, we are implementing the following actions to ensure a safe and positive learning environment for your son and for all students:

16 Putnam Hill Road
Sutton, Massachusetts 01590

- The District immediately re-trained appropriate staff in protocols for extended time out and has arranged for an additional training on the record keeping and notification of administration for approval of an extended time out and family notification of use of the time out room.

- The District has suggested mediation with a mediator from the Bureau of Special Education Appeals to consider if any modifications or changes to his IEP are necessary to ensure his continued receipt of a free appropriate public education. In the interim, the district offered tutoring services.

- The District will periodically review the time-out logs for your son, upon his return, to ensure that proper protocol is being followed.

This concludes the District's investigation of this matter. In closing, I would like to thank you for bringing this matter to our attention and for your cooperation throughout this investigation. We remain committed to ensuring that the school environment is one in which all students can feel safe and achieve their personal and academic potential. Should you have any questions or concerns about this letter or my investigation, please do not hesitate to contact me.

Respectfully,

Kimberly Roberts-Morandi, Ed.D.
Superintendent
Sutton Public Schools


cc: Andrea Alves-Thomas
Department of Children and Families

16 Putnam Hill Road
Sutton, Massachusetts 01590

**CIVIL ACTION COVER SHEET**

**DOCKET NUMBER**

2585CV01759A

E-FILED

**Massachusetts Trial Court**
**Superior Court**

**COUNTY** Worcester Superior Court (Worcester)

| | |
|---|---|
| **Plaintiff** JC and EC, individually and on behalf of their son, OC | **Defendant:** Town of Sutton, Sutton School Committee, Sutton Public Schools, Kimberly Roberts- Morandi, Nancy Ruiz, Michelle Clark, Emilee Zuidema, Cheryl Sherman |
| ADDRESS. Sutton, MA | |
| | ADDRESS: 4 Uxbridge Road, Sutton, MA 01590 (Town); |
| | 375 Boston Road, Sutton, MA 01590 (School Committee); |
| | 16 Putnam Hill Road, Sutton, MA 01590 (Sutton Public Schools) |
| **Plaintiff Attorney:** Daniel T.S. Heffernan and Eliza L.M. Presson | **Defendant Attorney:** |
| ADDRESS: Three Newton Executive Park | ADDRESS |
| 2223 Washington Street, Suite 101, Newton, MA 02462 | |
| BBO. 550794 (Heffernan) 686343 (Presson) | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| AB1 | Tortious action involving a municipality | A | ☒ YES ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?
☐ YES ☒ NO

Is there a class action under Mass. R. Civ. P. 23?
☐ YES ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

2$

A. Documented medical expenses to date

   1. Total hospital expenses _____

   2. Total doctor expenses _____

   3. Total chiropractic expenses _____

   4. Total physical therapy expenses _____

   5. Total other expenses (describe below) _____

Subtotal (1-5): $50,000    Undetermined but greater than

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below)

TOTAL (A-F): $50,000    Undetermined but greater than

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

OC was negligently restrained and secluded and suffered injuries to his body, as well as significant and ongoing emotional distress. EC and JC have claims for loss of consortium.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

| | |
|---|---|
| Signature of Attorney/Self-Represented Plaintiff: X /s/ Daniel T.S. Heffernan | Date: 12/22/2025 |

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

Docket Number

## CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  /s/ Daniel T.S. Heffernan | Date: | 12/22/2025 |
| --- | --- | --- |

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

Date Filed 12/22/2025 10:57 AM
Superior Court - Worcester
Docket Number



## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

WORCESTER SUPERIOR COURT
C.A. No. 2585CV01759 A

---

JC and CE, individually and on behalf
of their minor son, OC,

    Plaintiffs,

v.

TOWN OF SUTTON,
SUTTON SCHOOL COMMITTEE,
SUTTON PUBLIC SCHOOLS,
KIMBERLY ROBERTS-MORANDI,
NANCY RUIZ, MICHELLE CLARK,
EMILEE ZUIDEMA, and CHERYL SHERMAN,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

---

3$

## EX-PARTE MOTION FOR COURT ORDER ALLOWING USE OF PSEUDONYMS

Plaintiffs JC and CE, individually and on behalf of their child OC ("Plaintiffs"), respectfully request that the Court grant this Motion and permit the use of Plaintiffs' initials in their pleadings, and state as follows:

OC is ten years old, a minor, and a resident of Sutton, Massachusetts. OC is eligible for special education and related services under the Individuals with Disabilities Education Act ("IDEA"), and Sutton Public Schools is responsible for providing OC with special education and related services under the IDEA.

In order to protect OC's privacy, as well as to avoid any embarrassment or stigma associated with filing this action, Plaintiffs request that the Court authorize the use of his initials, as well as his mother's and father's initials, in their pleadings, without prejudice to an objection by the Defendants after service of these pleadings.

WHEREFORE, Plaintiffs request that the Court enter an Order:

(i)  Authorizing Plaintiffs to utilize their initials to file this action and in their

pleadings without prejudice to an objection made by the Defendants after service

of these pleadings; and

(ii)  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Plaintiffs,

JC and CE, on behalf of their minor child,
OC,

By their Attorneys,

Dated: December 22, 2025

/S/ Daniel T.S. Heffernan
Daniel T. S. Heffernan, BBO #550794
Eliza L.M. Presson, BBO # 686343
KOTIN, CRABTREE & STRONG, LLP
Three Newton Executive Park
2223 Washington Street, Suite 101
Newton, MA 02462
p: (617) 227-7031
f: (617) 367-2988
dheffernan@kcslegal.com
epresson@kcslegal.com



# E-FILED

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                    WORCESTER SUPERIOR OCURT

| | |
|---|---|
| JC and CE, individually and on behalf of their minor son, OC ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) ) | C.A. No. 2585CV01759  A |
| TOWN OF SUTTON, ) SUTTON SCHOOL COMMITTEE, ) SUTTON PUBLIC SCHOOLS, ) KIMBERLY ROBERTS-MORANDI, ) NANCY RUIZ, MICHELLE CLARK, ) EMILEE ZUIDEMA, and CHERYL SHERMAN, ) ) | |
| Defendants. ) ) | **4#** |

## EX-PARTE MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to the provisions of Mass.R.Civ.P. 4(c), Plaintiffs request that the Court appoint

Ben A. Adusei of Worcester, MA to effect service of process on the Defendants in

Massachusetts in the above-captioned matter.  Please note that Ben A. Adusei is over the age of

18 and not a party to this action.

1

Date Filed 3/3/2026 12:11 PM
Superior Court - Worcester
Docket Number 2585CV01759

CE and JC, individually and on behalf
of their minor child, OC,

By their attorneys,


/s/ Eliza L.M. Presson
Daniel T.S. Heffernan (BBO#550794)
Eliza L.M. Presson (BBO # 686343)
KOTIN, CRABTREE & STRONG LLP
Three Newton Executive Park
2223 Washington Street, Suite 101
Newton, MA 02462
P: (617) 227-7031
F: (617) 367-2988
dheffernan@kcslegal.com
epresson@kcslegal.com

Date: March 3, 2026



2

COMMONWEALTH OF MASSACHUSETTS     **E-FILED**

WORCESTER, ss.                                          WORCESTER SUPERIOR OCURT

|  |  |
|---|---|
| JC and CE, individually and on behalf of their minor son, OC, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF SUTTON, <br> SUTTON SCHOOL COMMITTEE, <br> SUTTON PUBLIC SCHOOLS, <br> KIMBERLY ROBERTS-MORANDI, <br> NANCY RUIZ, MICHELLE CLARK, <br> EMILEE ZUIDEMA, and CHERYL SHERMAN, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     C.A. No. 2585CV01759 <br><br>          **(5)** |

## MOTION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT ON KIMBERLY ROBERTS-MORANDI, NANCY RUIZ, MICHELLE CLARK, EMILEE ZUIDEMA, AND CHERYL SHERMAN

Plaintiffs JC and CE, individually and as guardians for OC ("Plaintiffs"), respectfully move the Court to extend the time to effectuate service of process on the individual Defendants Kimberly Roberts-Morandi, Nancy Ruiz, Michelle Clark, Emilee Zuidema, and Cheryl Sherman.

As grounds for this Motion, Plaintiffs state the following:

1.     Plaintiffs filed this action on December 22, 2025, and the Court issued a tracking order requiring that service of process be made and proof of service filed on or before March 23, 2026.

2.     On March 3, 2026, Plaintiffs filed an Ex Parte Motion for Appointment of a Special Process Server, which the Court allowed on March 4, 2026.

3. On March 9, 2026, Ben Adusei served the Summons, Complaint and Plaintiffs' First Interrogatory on the Town of Sutton, Sutton Public Schools, and the Sutton School Committee. The single interrogatory requested, *inter alia*, the Town of Sutton, Sutton Public Schools, and the Sutton School Committee produce the last known home addresses for Defendants Kimberly Roberts-Morandi, Nancy Ruiz, Michelle Clark, Emilee Zuidema, and Cheryl Sherman, as well as other information that would allow Plaintiffs to discover where individual Defendants reside.

4. Plaintiffs seek an extension of an additional sixty days from the current deadline of March 23, 2026 up to and including May 22, 2026, to effectuate service of process on the individual Defendants Kimberly Roberts-Morandi, Nancy Ruiz, Michelle Clark, Emilee Zuidema, and Cheryl Sherman.

5. This is the first request for an extension sought by Plaintiffs.

WHEREFORE, Plaintiffs JC and CE, individually and as guardian of OC, respectfully request the Court enter an order:

(i) Extending their time to effectuate service of process and file proof of service thereof on the individual Defendants Kimberly Roberts-Morandi, Nancy Ruiz, Michelle Clark, Emilee Zuidema, and Cheryl Sherman to and including May 22, 2026; and

(ii) Granting such other and further relief as the Court deems just and proper.

Dated: March 16, 2026

CE and JC, individually and on behalf of their minor child, OC,

By their attorneys,

/s/ Daniel T.S. Heffernan
Daniel T.S. Heffernan (BBO#550794)
Eliza L.M. Presson (BBO # 686343)
KOTIN, CRABTREE & STRONG LLP
Three Newton Executive Park
2223 Washington Street, Suite 101
Newton, MA 02462
P: (617) 227-7031
F: (617) 367-2988
dheffernan@kcslegal.com
epresson@kcslegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing document to be served by regular mail, postage prepaid, to the following addresses on March 16, 2026:

Caitlin Paget
Superintendent
Sutton Public Schools
16 Putnam Hill Road
Sutton, MA 01590

Jill Kozaczka
Sutton School Committee
Sutton School Complex
375 Boston Road
Sutton, MA 01590

Laura Caruso
Town Clerk
Town of Sutton
4 Uxbridge Road
Sutton, MA 01590

/s/ Eliza L.M. Presson

A true copy by photostatic process
Attest:
Asst. Clerk

| SUMMONS | CIVIL DOCKET NO. | **Trial Court of Massachusetts**  |
|---|---|---|
| | 2585CV01759A | **The Superior Court** |

| Case Name: <br> JC and CE, individually and on behalf <br> of their minor son, OC <br><br> Plaintiff(s) <br><br> Vs. <br><br> Town of Sutton, <br> Sutton School Committee, et al <br><br> Defendant(s) | **Dennis P. McManus**    Clerk of Courts <br> **Worcester**    County |
|---|---|

**COURT NAME & ADDRESS:**
Worcester Superior Court
225 Main Street
Worcester, MA 01608

**FILED**

MAR 1 8 2026

ATTEST: _(signature)_ CLERK

THIS SUMMONS IS DIRECTED TO
Jill Kozaczka, Chairperson, Sutton School Committee
Sutton School Complex, 375 Boston Road
Sutton, MA  01590 _____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Worcester Superior Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

( 6 )

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

     a) Filing your **signed original** response with the Clerk's Office for Civil Business, Worcester Superior Court
225 Main Street, Worcester, MA  01608      (address), by mail, in person, or electronically through

     the web portal www.eFileMA.com if the complaint was e-filed through that portal, **AND**

     b) Delivering or mailing a **copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
Daniel T.S. Heffernan; Kotin, Crabtree & Strong; 2223 Washington St., Suite 101; Newton, MA  02462

**3. What to include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont).** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Risciuti, Chief Justice on _____ **March 6** _____, 20 26 . (Seal)

Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

---

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in the Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____      Signature: _____

**N.B. TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

Date of service: March 9, 2026 at 5:52pm

On this date I served a copy of the within summons, together with a copy of the complaint, Exhibits 1 - 5, civil tracking order, civil action cover sheet, motion and order allowing the use of pseudonym, motion and order allowing for the appointment of special process server, and first interrogatory to defendant Sutton School Committee in this action, upon the within named defendant Sutton School Committee, in the following manner:

By serving in hand to Jill Kozaczka, Chairperson of the Sutton School Committee, at Sutton Municipal Center, 4 Uxbridge Road, Sutton, MA.

I declare under penalty of perjury that the foregoing information is true.


__3/11/2026__

Date

*Ben Adusei*

Server's Signature


Ben A. Adusei
Printed name

A true copy by photostatic process
Attest:


| Case Name:<br>JC and CE, individually and on behalf<br>of their minor son, OC<br><br>Plaintiff(s)<br><br>Vs.<br><br>Town of Sutton,<br>Sutton School Committee, et al<br><br>Defendant(s) | **Dennis P. McManus** — Clerk of Courts<br>**Worcester** — County<br><br>COURT NAME & ADDRESS:<br>Worcester Superior Court<br>225 Main Street<br>Worcester, MA 01608 — **FILED** MAR 1 8 2026 ATTEST: _____ CLERK |

Caitlin Paget, Sutton Public Schools Superintendent
Sutton School Complex, 375 Boston Road

THIS SUMMONS IS DIRECTED TO <u>Sutton, MA 01590</u> (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Worcester Superior Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Worcester Superior Court 225 Main Street, Worcester, MA 01608 (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
Daniel T.S. Heffernan; Kotin, Crabtree & Strong; 2223 Washington St., Suite 101; Newton, MA 02462

**3. What to include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont).** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti, Chief Justice on _____ **March 6** _____, 20 _26_ . (Seal)

Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

---

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in the Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____      Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

Date of service: March 9, 2026 at 5:43pm

On this date I served a copy of the within summons, together with a copy of the complaint, Exhibits 1 - 5, civil tracking order, civil action cover sheet, motion and order allowing the use of pseudonym, motion and order allowing for the appointment of special process server, and first interrogatory to defendant Sutton Public Schools in this action, upon the within named defendant Sutton Public Schools, in the following manner:

By serving in hand to Caitlin Paget, Superintendent of the Sutton Public Schools, at Sutton Municipal Center, 4 Uxbridge Road, Sutton, MA.

I declare under penalty of perjury that the foregoing information is true.


3/11/2026

Date

*Ben Adusei*

Server's Signature


Ben A. Adusei
Printed name

<table>
<tr><td><strong>SUMMONS</strong></td><td>CIVIL DOCKET NO.<br>2585CV01759</td><td><strong>Trial Court of Massachusetts</strong><br><strong>The Superior Court</strong></td></tr>
</table>

| | |
|---|---|
| Case Name:<br><br>JC and CE, individually and on behalf<br>of their minor son, OC<br><br>Plaintiff(s)<br><br>Vs.<br><br>Town of Sutton,<br>Sutton School Committee, et al<br><br>Defendant(s) | **Dennis P. McManus**    Clerk of Courts<br>**Worcester**    County<br><br>**FILED**<br><br>COURT NAME & ADDRESS:<br>Worcester Superior Court   **MAR 18 2026**<br>225 Main Street<br>Worcester, MA 01608   ATTEST: *[signature]* CLERK |

THIS SUMMONS IS DIRECTED TO   Laura Caruso, Town of Sutton Clerk<br>Sutton Town Hall, 4 Uxbridge Road    (Defendant's name)<br>Sutton, MA 01590

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the Worcester Superior Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

( 8 )

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Worcester Superior Court 225 Main Street, Worcester, MA 01608    (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
Daniel T.S. Heffernan; Kotin, Crabtree & Strong; 2223 Washington St., Suite 101; Newton, MA 02462

**3. What to include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont).** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti, Chief Justice on _____ **March 6** _____, 20**26** ___. (Seal)

Clerk _____

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in the Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.  TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

Date of service: March 9, 2026 at 5:57pm

On this date I served a copy of the within summons, together with a copy of the complaint, Exhibits 1 - 5, civil tracking order, civil action cover sheet, motion and order allowing the use of pseudonym, motion and order allowing for the appointment of special process server, and first interrogatory to defendant Town of Sutton in this action, upon the within named defendant Town of Sutton, in the following manner:

By leaving copies of such with Austin Cyganewicz, Town Manager, the person then in charge at the Sutton Town Clerk's office, at Sutton Municipal Center, 4 Uxbridge Road, Sutton, MA, and causing to be mailed by certified mail, return receipt requested, to Laura Caruso, the Sutton Town Clerk, at 4 Uxbridge Road, Sutton, MA 01590.

I declare under penalty of perjury that the foregoing information is true.


<u>3/11/2026</u>

Date

*Ben Adusei*

Server's Signature


<u>Ben A. Adusei</u>
Printed name

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2585cv1759A

JC and CE, individually and on behalf of their
minor son, OC,
    Plaintiffs

v.

TOWN OF SUTTON, SUTTON SCHOOL
COMMITTEE, SUTTON PUBLIC SCHOOLS,
KIMBERLY ROBERTS-MORANDI, NANCY
RUIZ, MICHELLE CLARK, EMILEE ZUIDEMA,
and CHERYL SHERMAN,
    Defendants

CA. NO. 26-40097

**FILED**

APR 0 6 2026

ATTEST:

_____ CLERK

(9)

## DEFENDANTS TOWN OF SUTTON, SUTTON SCHOOL COMMITTEE, SUTTON PUBLIC SCHOOLS, KIMBERLY ROBERTS-MORANDI, NANCY RUIZ, MICHELLE CLARK, EMILEE ZUIDEMA AND CHERYL SHERMAN'S NOTICE OF REMOVAL

NOW COME the defendants Town of Sutton, Sutton School Committee, Sutton Public Schools, Kimberly Roberts-Morandi, Nancy Ruiz, Michelle Clark, Emilee Zuidema and Cheryl Sherman (herein "Sutton defendants") in the above-entitled cause, and respectfully show to the Court:

1. The above action has been brought in the Worcester Superior Court and is now pending therein. Said action was commenced on December 22, 2025, the Town of Sutton, Sutton School Committee and Sutton Public Schools were served on March 9, 2026 and the time for filing of this notice has not expired.

2. Said action involves a controversy of federal question, namely, alleged violations of the minor plaintiff, O.C.'s civil rights, including Fourth Amendment Rights, under 42 U.S.C. § 1983.

3. The nature of the controversy between the plaintiffs and said petitioners is as follows: the plaintiffs allege the defendants acted improperly in their use of a Safe Protected Area room in the elementary school where the minor plaintiff, O.C. (suffering from autism spectrum disorder and ADHD), was a student, allegedly resulting in, *inter alia*, purported violations of O.C.'s civil rights. A copy of the plaintiffs' Complaint is attached hereto as **Exhibit A**.

4. The matter in controversy between the plaintiffs and defendants involves a federal question.

5. All defendants have consented to the removal of this matter.

WHEREFORE the petitioners pray that this cause be removed from said State Court to this Honorable Court as provided by law.



Certified to be a true and correct copy of the original
Robert M. Farrell, Clerk
U.S. District Court
District of Massachusetts

By: _AB_

Date: _03/30/2026_

DEFENDANTS TOWN OF SUTTON, SUTTON SCHOOL COMMITTEE, SUTTON PUBLIC SCHOOLS, KIMBERLY ROBERTS-MORANDI, NANCY RUIZ, MICHELLE CLARK, EMILEE ZUIDEMA, AND CHERYL SHERMAN, BY THEIR ATTORNEY,

/s/ Courtney E. Mayo
Courtney E. Mayo, Esquire
BBO # 657790
cmayo@hassettdonnelly.com
Hassett & Donnelly, P.C.
446 Main Street - 12th Floor
Worcester, MA 01608
Phone: (508) 791-6287

March 27, 2026

## CERTIFICATE OF SERVICE

I, Courtney E. Mayo, counsel of record for the Sutton defendants in this action, do hereby certify that I have served a copy of the foregoing Notice of Removal, to all parties this 30th day of March 2026 to:

Daniel T.S. Heffernan, Esquire
dheffernan@kcslegal.com
Attorney Eliza L.M. Presson
epresson@kcslegal.com
Kotin, Crabtree & Strong
Three Newton Executive Park
2223 Washington Street, Suite 101
Newton, MA 02462

/s/ Courtney E. Mayo
Courtney E. Mayo, Esquire



2


**2585CV01759 JC individually and on behalf of their minor son OC et al vs. Town of Sutton et al**

| | |
|---|---|
| **CASE TYPE:** Actions Involving the State/Municipality | **FILE DATE:** 12/22/2025 |
| **ACTION CODE:** AB1 | **CASE TRACK:** A - Average |
| **DESCRIPTION:** Tortious Action involving the Commonwealth, Municipality, MBTA, etc. | |
| **CASE DISPOSITION DATE:** | **CASE STATUS:** Open |
| **CASE DISPOSITION:** Pending | **STATUS DATE:** 12/22/2025 |
| **CASE JUDGE:** | **CASE SESSION:** Civil A |

| DCM TRACK | | |
|---|---|---|
| **Tickler Description** | **Due Date** | **Completion Date** |
| Rule 12/19/20 Served By | 04/21/2026 | |
| Rule 12/19/20 Filed By | 05/21/2026 | |
| Service | 05/22/2026 | |
| Rule 12/19/20 Heard By | 06/22/2026 | |
| Answer | 06/22/2026 | |
| Rule 15 Served By | 02/16/2027 | |
| Rule 15 Heard By | 03/17/2027 | |
| Rule 15 Filed By | 03/17/2027 | |
| Discovery | 12/13/2027 | |
| Rule 56 Served By | 01/11/2028 | |
| Rule 56 Filed By | 02/10/2028 | |
| Final Pre-Trial Conference | 06/09/2028 | |
| Judgment | 12/21/2028 | |

| PARTIES | | |
|---|---|---|
| **Plaintiff**<br>CE individually and on behalf of their minor son OC | **Attorney**<br>Daniel T Heffernan<br>Kotin, Crabtree and Strong, LLP<br>Kotin, Crabtree and Strong, LLP<br>Three Newton Executive Park<br>2223 Washington Street Suite 101<br>Newton, MA 02462<br>Work Phone (617) 227-7031<br>Added Date: 12/22/2025 | 550794 |
| | **Attorney**<br>Eliza Lowry Marshall Presson<br>Kotin, Crabtree and Strong<br>Kotin, Crabtree and Strong<br>2223 Washington St<br>Suite 101<br>Newton, MA 02462<br>Work Phone (617) 227-7031<br>Added Date: 12/22/2025 | 686343 |



| | | |
|---|---|---|
| **Plaintiff**<br>JC individually and on behalf of their minor son OC | **Attorney**<br>Daniel T Heffernan<br>Kotin, Crabtree and Strong, LLP<br>Kotin, Crabtree and Strong, LLP<br>Three Newton Executive Park<br>2223 Washington Street Suite 101<br>Newton, MA 02462<br>Work Phone (617) 227-7031<br>Added Date: 12/22/2025 | 550794 |
| | **Attorney**<br>Eliza Lowry Marshall Presson<br>Kotin, Crabtree and Strong<br>Kotin, Crabtree and Strong<br>2223 Washington St<br>Suite 101<br>Newton, MA 02462<br>Work Phone (617) 227-7031<br>Added Date: 12/22/2025 | 686343 |
| **Plaintiff**<br>OC minor child | **Attorney**<br>Daniel T Heffernan<br>Kotin, Crabtree and Strong, LLP<br>Kotin, Crabtree and Strong, LLP<br>Three Newton Executive Park<br>2223 Washington Street Suite 101<br>Newton, MA 02462<br>Work Phone (617) 227-7031<br>Added Date: 12/22/2025 | 550794 |
| | **Attorney**<br>Eliza Lowry Marshall Presson<br>Kotin, Crabtree and Strong<br>Kotin, Crabtree and Strong<br>2223 Washington St<br>Suite 101<br>Newton, MA 02462<br>Work Phone (617) 227-7031<br>Added Date: 12/22/2025 | 686343 |
| **Defendant**<br>Clark, Michelle<br>16 Putnam Hill Road<br>Sutton, MA 01590 | **Attorney**<br>Courtney Elizabeth Mayo<br>Hassett and Donnelly, P.C.<br>Hassett and Donnelly, P.C.<br>446 Main St<br>12th Floor<br>Worcester, MA 01608<br>Work Phone (508) 791-6287<br>Added Date: 04/06/2026 | 657790 |



| **Defendant** | **Attorney** | **657790** |
|---|---|---|
| Roberts-Morandi, Kimberly<br>16 Putnam Hill Road<br>Sutton, MA 01590 | Courtney Elizabeth Mayo<br>Hassett and Donnelly, P.C.<br>Hassett and Donnelly, P.C.<br>446 Main St<br>12th Floor<br>Worcester, MA 01608<br>Work Phone (508) 791-6287<br>Added Date: 04/06/2026 | |
| **Defendant**<br>Ruiz, Nancy<br>16 Putnam Hill Road<br>Sutton, MA 01590 | **Attorney**<br>Courtney Elizabeth Mayo<br>Hassett and Donnelly, P.C.<br>Hassett and Donnelly, P.C.<br>446 Main St<br>12th Floor<br>Worcester, MA 01608<br>Work Phone (508) 791-6287<br>Added Date: 04/06/2026 | **657790** |
| **Defendant**<br>Sherman, Cheryl<br>16 Putnam Hill Road<br>Sutton, MA 01590 | **Attorney**<br>Courtney Elizabeth Mayo<br>Hassett and Donnelly, P.C.<br>Hassett and Donnelly, P.C.<br>446 Main St<br>12th Floor<br>Worcester, MA 01608<br>Work Phone (508) 791-6287<br>Added Date: 04/06/2026 | **657790** |
| **Defendant**<br>Sutton Public Schools<br>16 Putnam Hill Road<br>Sutton, MA 01590 | **Attorney**<br>Courtney Elizabeth Mayo<br>Hassett and Donnelly, P.C.<br>Hassett and Donnelly, P.C.<br>446 Main St<br>12th Floor<br>Worcester, MA 01608<br>Work Phone (508) 791-6287<br>Added Date: 04/06/2026 | **657790** |
| **Defendant**<br>Sutton School Committee<br>375 Boston Road<br>Sutton, MA 01590 | **Attorney**<br>Courtney Elizabeth Mayo<br>Hassett and Donnelly, P.C.<br>Hassett and Donnelly, P.C.<br>446 Main St<br>12th Floor<br>Worcester, MA 01608<br>Work Phone (508) 791-6287<br>Added Date: 04/06/2026 | **657790** |



**COMMONWEALTH OF MASSACHUSETTS**
**WORCESTER COUNTY**
**Docket Report**

| **Defendant**<br>Town of Sutton<br>4 Uxbridge Road<br>Sutton, MA 01590 | **Attorney**<br>Courtney Elizabeth Mayo<br>Hassett and Donnelly, P.C.<br>Hassett and Donnelly, P.C.<br>446 Main St<br>12th Floor<br>Worcester, MA 01608<br>Work Phone (508) 791-6287<br>Added Date: 04/06/2026 | **657790** |
|---|---|---|
| **Defendant**<br>Zuidema, Emilee<br>16 Putnam Hill Road<br>Sutton, MA 01590 | **Attorney**<br>Courtney Elizabeth Mayo<br>Hassett and Donnelly, P.C.<br>Hassett and Donnelly, P.C.<br>446 Main St<br>12th Floor<br>Worcester, MA 01608<br>Work Phone (508) 791-6287<br>Added Date: 04/06/2026 | **657790** |

| | **FINANCIAL SUMMARY** | | | | |
|---|---|---|---|---|---|
| | **Fees/Fines/Costs/Charge** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| | **Total** | **1,148.45** | **1,040.00** | **0.00** | **108.45** |



**COMMONWEALTH OF MASSACHUSETTS**
**WORCESTER COUNTY**
**Docket Report**

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 12/22/2025 | 1 | Complaint electronically filed. | |
| 12/22/2025 | 2 | Civil action cover sheet filed. | |
| 12/22/2025 | 3 | Plaintiff JC individually and on behalf of their minor son OC, CE individually and on behalf of their minor son OC, OC minor child's EX PARTE Motion for Court Order Allowing Use of Pseudonyms (EFILED) | |
| 12/23/2025 | | Demand for jury trial entered.<br><br>Applies To: JC individually and on behalf of their minor son OC (Plaintiff); CE individually and on behalf of their minor son OC (Plaintiff); OC (Plaintiff) | |
| 12/23/2025 | | Case assigned to:<br>DCM Track A - Average was added on 12/23/2025 | |
| 12/23/2025 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Daniel T Heffernan, Esq. dheffernan@kcslegal.com<br>Plaintiff, Attorney: Eliza Lowry Marshall Presson, Esq. epresson@kcslegal.com<br>Plaintiff, Attorney: Daniel T Heffernan, Esq. dheffernan@kcslegal.com<br>Plaintiff, Attorney: Eliza Lowry Marshall Presson, Esq. epresson@kcslegal.com<br>Plaintiff, Attorney: Daniel T Heffernan, Esq. dheffernan@kcslegal.com<br>Plaintiff, Attorney: Eliza Lowry Marshall Presson, Esq. epresson@kcslegal.com | |
| 12/24/2025 | | Endorsement on Submission of Ex Parte Motion for Court Order Allowing Use of Pseudonyms (#3.0): ALLOWED<br>E-Document sent on 12/29/2025 | Bell |
| 12/29/2025 | | EDocument sent:<br><br>Clerk's Notice (eDoc)<br>Sent On: 12/29/2025 08:11:54<br>Notice Sent To: Daniel T Heffernan, Esq. dheffernan@kcslegal.com<br>Notice Sent To: Eliza Lowry Marshall Presson, Esq. epresson@kcslegal.com | |
| 03/03/2026 | 4 | Plaintiffs JC individually and on behalf of their minor son OC, CE individually and on behalf of their minor son OC's EX PARTE Motion for appointment of Special Process Server [Ben A. Adusei] (E-FILED) | |
| 03/04/2026 | | Endorsement on Submission of Ex Parte Motion for Appointment of Special Process Server (#4.0): ALLOWED<br>(Jorge Villali, Asst. Clerk)<br><br>E-Document sent on 3/4/2026 | ..... |



| | | |
|---|---|---|
| 03/04/2026 | | EDocument sent:<br><br>Clerk's Notice (eDoc)<br>Sent On: 03/04/2026 14:50:34<br>Notice Sent To: Daniel T Heffernan, Esq. dheffernan@kcslegal.com<br>Notice Sent To: Eliza Lowry Marshall Presson, Esq.<br>epresson@kcslegal.com |
| 03/16/2026 | 5 | Plaintiffs JC individually and on behalf of their minor son OC, CE individually<br>and on behalf of their minor son OC's Motion to<br>Extend Time to Serve Summons and Complaint on Kimberly<br>Roberts-Morandi, Nancy Ruiz, Michelle Clark, Emilee ZUidema, and Cheryl<br>Sherman<br>[E-FILED] |
| 03/17/2026 | | Endorsement on Motion to Extend Time to Serve Summons and Complaint<br>on Kimberly Roberts-Morandi, Nancy Ruiz, Michelle Clark, Emilee Zuidema,<br>and Cheryl Sherman (#5.0): ALLOWED<br>E-Document sent on 3/19/2026     Wrenn |
| 03/18/2026 | 6 | Service Returned for<br>Defendant Sutton School Committee: Service through person in charge /<br>agent; Service made on 03/09/26 |
| 03/18/2026 | 7 | Service Returned for<br>Defendant Sutton Public Schools: Service through person in charge / agent;<br>Service made on 03/09/26 |
| 03/18/2026 | 8 | Service Returned for<br>Defendant Town of Sutton: Service through person in charge / agent; Service<br>made on 03/09/26 |
| 03/19/2026 | | EDocument sent:<br><br>Clerk's Notice (eDoc)<br>Sent On: 03/19/2026 08:35:18<br>Notice Sent To: Daniel T Heffernan, Esq. dheffernan@kcslegal.com<br>Notice Sent To: Eliza Lowry Marshall Presson, Esq.<br>epresson@kcslegal.com |
| 04/06/2026 | 9 | Defendants Town of Sutton, Sutton School Committee, Sutton Public<br>Schools, Kimberly Roberts-Morandi, Nancy Ruiz, Cheryl Sherman, Emilee<br>Zuidema, Michelle Clark's Notice of<br>Removal |
| 04/06/2026 | | Docket Note: Atty Mayo notified of fee of $108.45 for certified copies. Left a<br>voicemail with direct contact info |
| 04/08/2026 | | Docket Note: Certified Copies Mailed to Atty Mayo on 04/08/26 |

A true copy by photostatic process
Attest: